No. 19-6491

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**UNITED STATES OF AMERICA**,
*Appellee,*

v.

**COBEY DARON WEBB**
*Appellant.*

_____

On Appeal from the United States District Court
for the Western District of Virginia, Roanoke Division
(Hon. Glen E. Conrad)

_____

**OPENING BRIEF OF THE APPELLANT**

_____

JUVAL O. SCOTT
Federal Public Defender
    for the Western District of Virginia

CHRISTINE MADELEINE LEE
Assistant Federal Public Defender
201 First Street SW, Suite 400
Roanoke, VA 24011
Telephone (540) 777-0880

*Counsel for Appellant*

# **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................ii

Jurisdictional Statement .......................................................................................... 1

Statement of the Issues ............................................................................................ 2

Statement of the Case .............................................................................................. 2

Standard of Review .................................................................................................. 9

Argument .................................................................................................................. 10

The Court's Imposition Of A Top-Of-The-Guidelines Sentence Pursuant
To The First Step Act Where Mr. Webb Previously Received A Below-Guideline
Sentence Ignored Mr. Webb's Rehabilitation And Violated This Court's
Holding In *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019) .................................... 10

Conclusion ................................................................................................................ 15


Request for Oral Argument

Certificate of Compliance

Certificate of Service

i

# TABLE OF AUTHORITIES

Cases

*Pepper v. United States*, 562 U.S. 476 (2011) ............................................................ 5

*United States v. Hardy*, 665 Fed. Appx. 268 (4th Cir. 2016) ............................... 9

*United States v. Legree*, 205 F.3d 724 (4th Cir. 2000) ........................................ 9

*United States v. McKenzie*, 318 Fed. Appx. 202 (4th Cir. 2009) ......................... 9

*United States v. Martin*, 916 F.3d 389 (4th Cir. 2019) ............................... 9, 10, 14

*United States v. Smalls*, 720 F.3d 193 (4th Cir. 2013) ......................................... 9


Statutory Provisions

Federal Rule of Criminal Procedure 11(c)(1)(C) ............................................... 2

Federal Rule of Criminal Procedure 16 ............................................................ 14

First Step Act of 2018 ....................................................................................... 3

United States Sentencing Commission ............................................................. 4

18 U.S.C. § 924(c) .............................................................................................. 3

18 U.S.C. § 3231 ................................................................................................. 1

18 U.S.C. §3553(a) .................................................................................. 10, 11, 12

18 U.S.C. § 3582(c)(2) .............................................................................. 10, 11

21 U.S.C. § 846 ................................................................................................... 2

28 U.S.C. § 1291 ...................................................................................... 2

18 U.S.C. §§ 3742(a) and (b)................................................................... 2

No. 19-6491

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Appellee,*

v.

COBEY DARON WEBB,
*Appellant.*
_____

On Appeal from the United States District Court
for the Western District of Virginia, Roanoke Division
(Hon. Glen E. Conrad)
_____

OPENING BRIEF OF THE APPELLANT

_____

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this federal criminal case pursuant to 18

U.S.C. § 3231.  Mr. Webb's appeal is from a final judgment of the district court

entered April 10, 2019.  J.A. 237.[1]  Mr. Webb's notice of appeal was filed in the

---

[1]    References to the record contained in the two-volume Joint Appendix are
denominated J.A.__ .

1

district court on April 11, 2019. J.A. 238. Appellate jurisdiction is based on 28 U.S.C. § 1291 and 18 U.S.C. §§ 3742(a) and (b).

## STATEMENT OF THE ISSUE

Whether the trial court erred in refusing to give Mr. Webb the full measure of relief he had earned under the First Step Act of 2018 by focusing exclusively not just on the offense of conviction, but on unproven "relevant conduct" described in a 2006 presentence report, even while denying current counsel limited discovery of any kind in order to challenge or contextualize that "relevant conduct."

## STATEMENT OF THE CASE

On November 23, 2005, when he was 25 years old, Cobey Webb was arrested and charged in a multiple-count indictment in the Western District of Virginia with offenses that included conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, pursuant to 21 U.S.C. § 846, and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). JA 241. The following year, on February 14, 2006, Mr. Webb pled guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to one count of conspiracy to possess with intent to distribute crack cocaine, and one count of carrying a firearm in relation to a drug

trafficking offense, that firearm having been discharged in the course of the offense. JA 241. As part of the guilty plea, the government agreed to dismiss the remaining counts in the indictment, and further agreed that Mr. Webb should be sentenced to a term of 240 months, composed of two consecutive terms of 120 months, the mandatory minimum for the two offenses to which he pled guilty. JA 23-34.

Following the entry of Mr. Webb's guilty plea, United States Probation prepared a presentence report. JA 239-266. In that report, which described a childhood of poverty and instability, JA 261, probation calculated Mr. Webb's sentencing guidelines to be 151 to 188 months, with a mandatory 120 month-sentence for the gun offense to be served consecutively. JA 263. Based on that calculation, which was not challenged, a 120-month sentence for Mr. Webb's drug conspiracy conviction was a below-guideline sentence of about 80 percent of the bottom of his guideline range.

At sentencing on May 11, 2006, the Court accepted Mr. Webb's guilty plea, and sentenced him to 240 months in prison. JA 37-81. Four years later, in 2010, the Fair Sentencing Act was enacted, which reduced the penalties and mandatory minimums for crack cocaine offenses such as Mr. Webb's, although not retroactively. If Mr. Webb had been prosecuted and convicted after the Fair Sentencing Act was enacted, the mandatory minimum for his offense of conviction would have been five years

instead of ten years. Between 2008 and 2014, the United States Sentencing Commission also retroactively lowered the sentencing guidelines applicable to crack cocaine offenses three times, which reduced Mr. Webb's guideline range from 151 to 188 months all the way down to 77 to 96 months, less than half of what it had been before. However, because Mr. Webb was sentenced under the old, pre-Fair Sentencing Act mandatory minimums, and the 120 months he was serving for the crack cocaine offense was mandatory and fixed, he was ineligible for any reduction under any of these retroactive guidelines amendments.

On December 21, 2018, the First Step Act of 2018 was signed into law. That statute rendered the 2010 Fair Sentencing Act fully retroactive, permitting convicted persons to file petitions in the district court where they were sentenced requesting that the court impose a new, reduced sentence that would reflect the lower mandatory minimums in the 2010 act. On January 11, 2019, Mr. Webb moved the court to impose a reduced sentence pursuant to the First Step Act. JA 116-125. Counsel for Mr. Webb requested a resentencing proceeding "so that Mr. Webb may appear and present evidence relevant to the sentencing factors enumerated in 18 U.S.C. § 3553(a) and pursuant to *Pepper v. United States*, 562 U.S. 476 (2011)." JA 124-125.

Based solely on the circumstances of the original prosecution, to include uncharged robberies it alleged that Mr. Webb had committed in connection with his

drug conspiracy, and with no mention of or consideration whatsoever to Mr. Webb's life in the last 13 years, the government opposed Mr. Webb's receiving any reduction at all under the First Step Act. JA 126-137.

The court scheduled a hearing for March 25, 2019. JA 127-159. At that initial hearing, the court set out what it considered the parameters of its task under the First Step Act, which was to hold a hearing in any case in which the parties did not agree on a reduced sentence, and at that hearing, to "have argument and take evidence," including evidence that would refute, contextualize or explain information in the presentence report that the parties had no motive or reason to contest at the original proceeding. *See, e.g,* JA at 144 (suggesting that the government may want to call the original case agent as a witness to testify to a higher drug amount than that in the presentence report).[2] After the court signaled its amenability to reconsidering the facts in the presentence report, it offered the parties the opportunity to continue the matter in order to assemble any additional evidence or witnesses they were not

_____

[2] In response to the government's assertion that the facts in the presented report should be considered fixed and inarguable, the court stated that "you mentioned the violence that was occasioned by the acts charged in the indictment, the severity of the offense, the scope of the offense. . . . [F]rom Mr. Webb's point, by taking the plea, by taking the (c)(1)(C) plea, he eliminated the necessity of having to sit through some presentation of that in an effort to enhance his sentence. So now, if that's to be the government's position that it should be considered in deciding what sentence he should receive under the First Step Act, he may not be of the same mind. He may want the opportunity to rebut that sort of evidence." JA 151.

prepared that day to present regarding the facts or circumstances of the underlying offense. JA 158-59.

Counsel for Mr. Webb objected to any consideration of unproven conduct that the government now asserted was "relevant." Counsel stated:

> My concern is this: I came prepared to have my client's sentence be evaluated based on the conduct that was admitted or proven, and that is the conduct that is described in paragraph 26. It makes out a conspiracy to sell crack cocaine, and it makes out a possession of a firearm in the course of a controlled substance offense; namely, as he described it, as Mr. Webb described it at the time of his plea, that his cousin, who I think you heard about at the sentencing later, was in a territorial dispute with a particular gentleman who's named in the PSR; they were both drug dealers; and Mr. Webb, in a misguided effort, went there to threaten the person who was putting his drug-dealing cousin in jeopardy, in Mr. Webb's mind, and they fired a shot – he fired a shot in the air, and for that he's doing 120 months mandatory consecutive.
>
> What [has taken] me by surprise was the government's very strong reliance on surplusage, really, in the PSR, having to do with the robbery of drug dealers. In fact, one of the incidents that they're describing as a robbery, and that's described as a robbery in paragraph 15, is the very incident that he pled guilty to, and did not describe it as – it was not a robbery. And I think probably one of the most significant clues that these were not really robberies was that there was no robbery charged. There were a number of convictions or charges dismissed, as the Court has pointed out, pursuant to this plea, but Hobbs Act robbery was not one of them at all.

JA 157. The court then adjourned the hearing, later rescheduling it for April 10, 2019. JA 184.

6

Prior to the reconvened hearing, counsel for Mr. Webb filed two pleadings. First, counsel filed a motion for production of available and previously-disclosed documents. JA 166-171. Counsel stated that because Mr. Webb's original counsel had left the practice of law and become a judge, and was unable to provide current counsel with any of the original documents or discovery ostensibly supporting that the uncharged misconduct the government relied on occurred, the court should direct the government to provide some limited duplication of earlier discovery so that Mr. Webb could intelligently refute the government's claims that he should be denied any reduction because of "violence, two robberies, a fistfight, and the discharge of a firearm." JA 168.

Prior to filing the motion, counsel had requested documentation of those alleged events directly from the government, who had refused the request "absent a court order," stating that although it "had nothing to hide," it was refusing counsel's request "as a matter of principle and application of law." JA 169. Counsel for Mr. Webb expressly limited his request to material that had previously been produced to prior counsel, and nothing additional. The government opposed the request in writing, and the court denied it. JA 172-174, 187-190.

The second document Mr. Webb filed was a memorandum in support of a sentence of no more than 180 months total, or time served. JA 176-183. Counsel

acknowledged that the mandatory consecutive sentence of 120 months that Mr. Webb received for firing a gun in the air could not be changed. Counsel simply asked that the sentence for the crack cocaine conviction be proportionally reduced below the bottom of Mr. Webb's new drug guideline of 77 to 96 months, to about 60 months. JA 178.

Counsel outlined significant evidence in support of a proportional reduction, emphasizing Mr. Webb's youth at the time of the offense, and stating that the sentence he had been serving now for well over a decade was his first exposure to prison of any kind – and it was at a United States Penitentiary, among the hardest, most violent institutions in the country. JA 177-181. Despite this environment, Mr. Webb had never incurred a single infraction in prison in prison for fighting, assault, violence of any, or disrespect for the authority of the prison guards. JA 179. To the contrary, Mr. Webb had spent the previous decade-plus enrolling in and completing educational programs, and had worked at the same job in prison for many years. JA 180. He had paid all but a small portion of the fines and costs imposed on him at sentencing from his very modest prison pay. JA 180. And Mr. Webb was almost 39 years old at the time of these new proceedings. JA 240.

At the reconvened hearing, counsel for Mr. Webb presented evidence in support of a proportional reduction on the drug count. JA 184-235. He presented

witnesses to his rehabilitation and the stable family he sought to reunite with, including two daughters who were young children at the time of his arrest, one of whom was now a grown professional with a child of her own. *Id.*

Despite significant evidence of rehabilitation, the court denied Mr. Webb a proportional reduction. Where Mr. Webb originally received a sentence well below his guideline range, he was now given a sentence of 96 months plus 120 months – the very top of the guideline range – based solely on what the court saw as the circumstances of his original offense. JA 230-233. According to the court, all of Mr. Webb's rehabilitation and exemplary behavior in prison served only to make Mr. Webb worthy of any reduction at all; that rehabilitation and exemplary behavior did not, to the court, signal having earned a proportionally below-guideline – or even low guideline – sentence. JA 230-234. The court stated that "The seriousness of your conduct simply can't be ignored or swept under the rug." JA 232.

Mr. Webb timely noted this appeal. JA 238.


## STANDARD OF REVIEW

This Court reviews a district court's decision to grant or deny a sentence reduction motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013).

**ARGUMENT**

<u>The Court's Imposition Of A Top-Of-The-Guidelines Sentence Pursuant
To The First Step Act Where Mr. Webb Previously Received A Below-Guideline
Sentence Ignored Mr. Webb's Rehabilitation And Violated This Court's
Holding In *United States v. Martin*, 916 F.3d 389 (4th Cir. 2019).</u>

Whether to reduce a sentence and to what extent to reduce a sentence are matters within the district court's discretion. *See United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000). As the court correctly held in this case, a court must consider the factors set forth in 18 U.S.C. § 3553(a) to determine the scope of an appropriate reduction. The presumption that a court has considered the sentencing factors is a rebuttable one. *See United States v. Hardy*, 665 Fed. Appx. 268 (4th Cir. 2016); *United States v. McKenzie*, 318 Fed. Appx. 202 (4th Cir. 2009) (reversing reductions granted pursuant to 18 U.S.C. § 3582(c) as insufficient). In this case, the court insufficiently weighed Mr. Webb's significant post-conviction rehabilitation, almost exclusively relying on circumstances of the original offense, and Mr. Webb's criminal record as a young man in his teenage years and early 20s, to deny Mr. Webb the full measure of what the First Step Act allows. *See Pepper v. United States*, 562 U.S. 476, 491 (2011) ("In assessing at least three of the Section 3553(a) factors, deterrence, protection of the public and rehabilitation . . . there would seem to be no better evidence than a defendant's post-incarceration conduct.").

This Court has held that if a court that is ruling on a motion to reduce a sentence chooses to forgo a full reduction despite significant evidence of rehabilitation while in prison, "[t]he district court must provide an individualized explanation for why [a petitioner]'s steps toward rehabilitation are meaningless." *Martin*, 916 F.3d at 397. In this case, the government had argued against Mr. Webb obtaining any reduction because the offenses "involve a level of violence that does not justify a reduction, his criminal history was, and is, underrepresented, and the benefits he gained through his plea agreement are such that the agreed upon sentence should not be disturbed." JA 133.

The court adopted almost all of the government's view, while never explaining why a proportionally below-guideline sentence, or even a low guideline sentence, would not meet the objectives of 18 U.S.C. §3553(a). The court stated in imposing an absolute top of the guideline sentence that "[t]he court is not big on proportionate reductions, and your attorney has argued for a proportionate reduction . . . a proportionate reduction doesn't achieve that individualized consideration that I think that the public and Congress expect the Court to perform in making another sentencing decision. So I don't feel good about a proportionate reduction." JA 230-31. After further opining that "your record is not good, and your offense conduct is not good," JA 231, the court devoted significant time to stating, without record

evidence, that Mr. Webb would have spent the "rest of [his] life" in prison if his "conduct had been fully prosecuted."   JA 232.

The court stated that the original plea agreement enabled Mr. Webb to dodge a bullet, stating "You got out from under a lot of time by virtue of this plea agreement." JA 232. The court ignored that the plea agreement in this case was arrived at specifically after the government had weighed its evidence and the likelihood of success obtaining convictions on all the counts in its original far-reaching indictment. The court proceeded as if Hobbs Act robberies had been committed, when in fact, they were never even charged, nor had the court ever been asked to determine by any quantum of evidence whether they had ever happened. Additionally, both the court and the government ignored that Mr. Webb's actions in discharging a firearm into the air in relation to a drug offense, which was his most dangerous, provable offense – was still being punished by an immutable 120-month mandatory and consecutive sentence, from which he was seeking, and could seek, no relief.

In *Martin*, this court remanded two companion judgments wherein a district court had insufficiently weighed petitioners' rehabilitation. In one of the cases, Martin, the district court had denied any reduction at all, stating that it had "carefully weigh[ed] the §3553(a) factors" and then explained that Martin had run "a large . . . drug operation, spanning Maryland, Virginia, and the District of Columbia, and

operated it for years. The seriousness of her actions and offenses cannot be overstated" – an explanation very similar in tone to the court's ruling in this case. 916 F.3d at 393. In the companion case, *United States v. Mangual*, the same court granted a sentence reduction but imposed the top of the guideline where, as here, the defendant had not deserved one at the original sentencing. 916 F.3d at 397.

In remanding the two cases, this Court criticized the district court's overemphasis on the original offenses and insufficient emphasis on the petitioners' arguments in mitigation, especially including prison rehabilitative efforts, increased age, and good behavior. The Court stated:

> The explanation the district court provided . . . was merely a recitation of [the petitioner]'s original criminal behavior. That is not the standard that the Supreme Court and the Fourth Circuit articulate for sentence-reduction motions. The district court was content to memorialize [the petitioner]'s past transgressions without giving any weight to the multitude of redemptive measures that [the petitioner] has taken since she was initially sentenced to life in prison.

*Id.* at 397.

The court in this case further erred in placing conclusive weight on historical information concerning Mr. Webb's offense while denying current counsel the ability to confront or contextualize that information through even limited discovery. The government had objected to the court's initial statements that it could revisit facts in the presentence report, asserting that they should be considered fixed and inarguable.

In the end, however, the court's allowance of that reconsideration inured only to the government's benefit, and in no way to Mr. Webb's, as current counsel was without any documentation whatsoever or ability to investigate the additional offenses the government alleged happened and should be a basis to deny a reduction. The government thus successfully sought at once to rely on conduct it says is so inflammatory that Mr. Webb should be denied the First Step Act reduction he sought, and to deny Mr. Webb's counsel any meaningful, informed opportunity to rebut its claims about that conduct.

Mr. Webb did not seek production of any material that had not been previously disclosed to earlier counsel, now a local state judge. Counsel requested only information that the current government team possessed in its files and that would have originally fit within Federal Rule of Criminal Procedure 16, all of which counsel would have if the Federal Public Defender's office had represented Mr. Webb in the original proceedings.

It was fundamentally unfair for the government to have all of the information it needed to argue that conduct outside of the offenses of conviction should be relied upon by the court in ruling on Mr. Webb's motion for a reduced sentence, while denying counsel for Mr. Webb any meaningful opportunity intelligently to respond. Counsel was not requesting formal discovery. Counsel emphasized that if the court

were to direct this limited document production, it would not set a precedent for the production of discovery in every case under the First Step Act — only those where the government raises conduct about which the undersigned counsel had no knowledge or evidence. In the end, it was the very circumstances contained in these documents that led the district court to deny Mr. Webb the full measure of a proportional reduction. This was error.

## CONCLUSION

Although there is no absolute right to a sentence reduction under the First Step Act, a petitioner does have a right to have the ruling on his motion reflect consideration of all non-frivolous arguments in support of one. *See Martin,* 916 F.3d at 398. Because the district court in this case placed undue emphasis on facts and uncharged criminal conduct contained in the original presentence report while simultaneously denying counsel any meaningful opportunity intelligently to rebut or explain or contextualize those facts, this Court should vacate the district court's judgment, and remand the case for further proceedings.

Respectfully submitted this 27th day of August, 2019.

Respectfully Submitted,

JUVAL O. SCOTT
Federal Public Defender
 for the Western District of Virginia

_Christine Madeleine Lee_
CHRISTINE MADELEINE LEE
Assistant Federal Public Defender
Office of the Federal Public Defender
 for the Western District of Virginia
210 First Street SW, Suite 400
Roanoke, VA 24011
(540) 777-0880

## REQUEST FOR ORAL ARGUMENT

Counsel believes the issues raised in this brief may be more fully developed through oral argument and respectfully requests the same.

# <u>CERTIFICATE OF COMPLIANCE</u>

1.     This brief of the appellant has been prepared using Microsoft Word software, Garamond font, 14 point proportional type size.

2.     EXCLUSIVE of the table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains 16 pages.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.


*August 27, 2018*
Date

*Christine Madeleine Lee*
Christine Madeleine Lee

## CERTIFICATE OF SERVICE

This is to certify that the Opening Brief of Appellant was electronically filed and served on August 27, 2019, on the Office of the United States Attorney for the Western District of Virginia.

_Christine Madeleine Lee_
Christine Madeleine Lee